Turley, J.
delivered the opinion of the court.
The plaintiff in error, Robert I. Chester, on the 1st day of Jan- *359 «ary, 1839, tendered to James Hubbard, the entry-taker of Haywood county, an entry for two hundred acres of land founded on warrant No. 3643, for two- hundred and sixty-four' acres which was refused; he filed his petition for writ of mandamus for the purpose of compelling its reception. The defendant, Anderson, claiming a right of occupancy in the land sought to be entered, was permitted to defend jointly with- Hubbard,
Hubbard answers, that he refused the entry Because' he believed the land was possessed by an occupant. Anderson answers and says, that he claims the land by virtue of an assignment of an occupancy from one Samuel Allen, made to him on the 3d of March, 1834, under which he then took possession, and has remained in possession ever since. He further says that the entry-taker’s office was closed by operation of law when the- entry was tendered by the plaintiff; that the entry-taker had no power to receive, and therefore acted correctly in refusing it. The proof shows that the defendant, Anderson, did purchase the occupancy from Allen as he alleges, and that he-has been in actual possession of it ever since. There is no proof showing that the occupancy of Allen was regularly proven and spread upon the general plan.
The act of 1837, ch. 1, which was made to provide for the occupant settlers south' and west of the Congressional reservation line, and for other purposes, and under which this entry is sought to be made, provides in its first section, that all persons who before or at the passage of the act, were bona fide resident occupant settlers upon vacant and unappropriated land, south and west of the Congressional reservation line, may have any quantity of said land, to include his or their improvements,, not to consist of more, than two hundred acres, surveyed in legal form by the county surveyor, and such survey, the owner thereof may have represented on the plan of the county by the entry taker.
The 2d section provides, that the occupants-shall have till the 1st day of January, 1839, allowed them to have their claims proved, surveyed and represented in the plan of their respective counties.
The 9th section provides, that the owner of any land warrant or certificate, may enter the same on any vacant land south and west of the Congressional reservation line, provided they do not interfere with any occupant claim.
The 10th section provides, that the several county offices shall be and remain open from and after the 1st day of January, 1838, *360 until the 1st day of January, 1839, for the purpose of making entries, on which day they shall be finally and forever closed.
The 11th section provides, that occupants provided for by that and all former statutes, and their assignees, who have had or may have peaceable possession of their occupancies for three years, shall be protected in their rights, and no advantage.shall be taken of them by reason of any informality, defect or omission in the certificate or probate of occupancy, or in transferring or assigning the same; but the said possession shall bar all other claimants, and be notice against all claims or suits,-legal or equitable.
There -are several grounds upon which defendant Anderson rests his claim under this statute.
1st. He says, the time for making the entry has expired by the provisions of the 10th section of the statute. It is difficult to say this is not so. But we do not feel .that it is necessary to say that it is.
2d. He says, he is protected against the entry by his peaceable and quiet possession of the premises for more than three years, under the provisions of the 11th section of the statute; although he may not have produced legal proof of Allen’s occupancy and the assignment to himself; and so we think.
3d. We say, if he is not protected by either the 10th or 11th sections, he is by the 3d. If there be no proof of Allen’s occupancy and the assignment, then is Anderson an occupant under the provisions of the 1st section of the statute; and by the 3d section, he is allowed till the 1st day of January, 1839, to prove his occupancy and spread it upon the general plan; and it would be strange if the office were open longer for the reception of entries than the probate of occupancies; and that too under a statute called an act to provide for occupant settlers. Not so. The day the office closed as to one, it closed as to the other, and the occupant having the last possible moment to prove his occupancy, there was no period of time at which the entry-taker could legally receive the entry.
The judgment of the circuit court is, therefore, correct, and will be affirmed.